UNITED STATES v. R. F. DOWNING & CO.

SAME v. GODILLOT & CO.

(Circuit Court, S. D. New York. May 23, 1904.)

Nos. 3,440, 3,441.

1. CUSTOMS DUTIES—MARKET VALUE—REMISSION OF LOCAL TAXES—DROIT DE VILLE—OCTROI TAX.

Held, in regard to merchandise imported from France, that its "market value," as defined in Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924], does not include the amount of certain internal revenue imposts of that country known as the "octroi tax" and the "droit de ville," which are not general in their application, but vary with the locality, and which are not collected if the merchandise is exported.

On Application for Review of Decisions of the Board of General Appraisers.

The decisions under review reversed the assessment of duty by the collector of customs at the port of New York on merchandise imported by R. F. Down-

ing & Co. and Godillot & Co. Duty had been assessed on the basis of an appraisement of the market value of the goods, that included the amount of certain internal revenue imposts of France, known as the "octroi tax" and the "droit de ville," which are not general in their application, but vary with the locality, and which are not collected if the merchandise is exported. The board held that the case was not within the rule of United States v. Passavant, 169 U. S. 16, 18 Sup. Ct. 219, 42 L. Ed. 644, where it was decided by the Supreme Court that the so-called bonification of tax by the German government, which was in effect the remission, on the exportation of merchandise from that country, of a general tax that would have been collected, had the merchandise not been exported, constituted an element of market value, as defined in Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924]. Note G. A. 5,414, T. D. 20,761.

Charles Duane Baker, Asst. U. S. Atty.
W. Wickham Smith, for R. F. Downing & Co.
Albert Comstock, for Godillot & Co.

TOWNSEND, Circuit Judge. The decisions of the Board of General Appraisers are affirmed on the authority of Rheinstrom et al. v. U. S. (C. C.) 118 Fed. 303.